Argued and submitted July 20, 2006, reversed and remanded for
reconsideration May 2, 2007

In the Matter of the Compensation of
Kristian R. Grinstead, Claimant.

Kristian R. GRINSTEAD,
*Petitioner,*

*v.*

LACAMAS LABORATORIES, INC.,
and Liberty Northwest Insurance Corporation,
*Respondents.*

Workers' Compensation Board
04-01998, 04-01063; A128918

157 P3d 1209

Adian Martin argued the cause and filed the brief for
petitioner.

David O. Wilson argued the cause and filed the brief for
respondents.

Before Armstrong, Presiding Judge, and Schuman and Rosenblum, Judges.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Claimant seeks judicial review of a final order of the Workers' Compensation Board (board) that affirmed an order of an administrative law judge (ALJ) denying a postponement of claimant's hearing. We reverse the board's order and remand for reconsideration.

The parties do not dispute the relevant facts. Claimant, who resides in Ohio, requested a hearing in this matter, and a hearing was scheduled in May 2004. The hearing was postponed after claimant's original attorney withdrew from the case shortly before the scheduled date and, subsequently, was rescheduled for October 12, 2004. Notice of the rescheduled hearing was sent to all parties. In August 2004, another notice was sent to claimant before she had retained a new attorney. Claimant signed a retainer agreement with her new attorney on September 25, 2004, which took effect on September 30, 2004. Her attorney requested discovery documents from the insurer on October 4, 2004, and the documents were received on October 21, 2004.

A legal assistant in the attorney's office missed a notation in claimant's file concerning the October 12, 2004, hearing date. The date was not placed on the attorney's calendar, and neither the attorney nor claimant appeared at the hearing. Counsel for employer was present at the hearing and moved to dismiss the case pursuant to OAR 438-006-0071(2) (set out below) for claimant's failure to appear.

The ALJ ordered the dismissal of the request for hearing with prejudice, concluding that claimant's failure to appear fell within the circumstances contemplated by OAR 438-006-0071(2), and, therefore, claimant had abandoned her request for hearing. The ALJ extended to claimant the right to request reconsideration of the matter to show good cause for failure to appear at the hearing.

Claimant requested reconsideration of the dismissal order, explaining that the cause for failure to attend the hearing was that her attorney's staff had missed the notation for the scheduled date. Claimant also requested a postponement of the hearing in order for her attorney to receive discovery

and prepare for the hearing. On reconsideration, the ALJ reinstated the dismissal, finding no extraordinary circumstances justifying the postponement of the hearing. The ALJ's order provided:

"My understanding of OAR 438-006-0071(2) * * * is that there must be an immediate and extraordinary reason that has prevented the claimant and/or her attorney from appearing at the time and place designated for hearing. I find no such circumstances in this case."

Claimant sought board review of the order. The board adopted and affirmed the ALJ's order, explaining that

"the question before us is whether the ALJ abused his discretion by finding that there were no 'extraordinary circumstances' to justify the postponement of claimant's scheduled hearing. The determinative issue is whether extraordinary circumstances *beyond claimant's control* justified the failure to appear at the scheduled hearing. We find no abuse of discretion in the case."

(Emphasis in original.) Claimant sought reconsideration of the order on review, contending that the board did not address the circumstances beyond her control that justified a postponement. The board denied the request for reconsideration. Claimant now seeks judicial review of the board's order.

■    The question before us is whether the board erred in affirming the ALJ's order on the ground that the ALJ did not abuse his discretion in denying claimant's request for a postponement based on OAR 438-006-0071(2). ORS 183.482(8)(a). OAR 438-006-0071 provides:

"(1)  A request for hearing may be dismissed if an Administrative Law Judge finds that the party that requested the hearing has abandoned the request for hearing or has engaged in conduct that has resulted in an unjustified delay in the hearing of more than 60 days.

"(2)  Unjustified failure of a party or the party's representative to attend a scheduled hearing is a waiver of appearance. If the party that waives appearance is the party that requested the hearing, the Administrative Law Judge shall dismiss the request for hearing as having been

abandoned unless extraordinary circumstances justify postponement or continuance of the hearing."

Under OAR 438-006-0071(1), a request for hearing "may" be dismissed if the ALJ finds either that the party requesting the hearing has abandoned the request or that the party has caused an unjustified delay in the hearing. We agree with the board that the use of the word "may" in subsection (1) means that the ALJ's authority to dismiss a request for hearing for one of the reasons stated in that subsection is discretionary. *See SAIF v. Kurcin*, 334 Or 399, 50 P3d 1167 (2002) (administrative rule describing reasons authorizing ALJ to grant continuance granted discretion to the ALJ to grant a continuance, which is reviewed by the board for an abuse of discretion).

Here, the parties agree that OAR 438-006-0071(2) is the applicable provision. The ALJ implicitly determined that claimant's failure to appear at the hearing was unjustified and constituted a waiver of appearance under that subsection. Because claimant is the party who requested the hearing, the rule *requires* that the request for hearing be dismissed, unless extraordinary circumstances justify postponement or continuance. Thus, in the circumstance of this case, the ALJ's determination is not discretionary. OAR 438-006-0071(2) makes dismissal of the hearing request mandatory if the party who fails to appear is the party who requested the hearing and the ALJ finds that the failure to appear was unjustified, unless extraordinary circumstances justify postponement. OAR 438-006-0081(1) further provides that "[a] scheduled hearing shall not be postponed except by order of an Administrative Law Judge upon a finding of extraordinary circumstances[.]" Here, in the order on reconsideration, the ALJ concluded that the calendaring error made by claimant's attorney's legal assistant was not an extraordinary circumstance justifying postponement of the requested hearing and therefore reinstated the order of dismissal.

The board upheld the ALJ's order of dismissal, stating that, "[b]ased on this record, we are not persuaded that the ALJ abused his discretion by finding that there were no 'extraordinary circumstances' to justify the postponement of claimant's scheduled hearing." We agree with claimant that

the board erred as a matter of law in reviewing for an abuse of discretion of the ALJ's determination as to the existence of extraordinary circumstances under OAR 438-006-0071(2). With few exceptions, board reviews orders of the ALJ *de novo*. ORS 656.295(5), (6); *see also Destael v. Nicolai Co.*, 80 Or App 596, 723 P2d 348 (1986). In contrast to OAR 438-006-0071(1), there is nothing in the text of OAR 438-006-0071(2) or OAR 438-006-0081(1) that makes the decision regarding the existence of extraordinary circumstances justifying postponement discretionary with the ALJ. On review of the ALJ's order, the board must make the determination in the first instance whether extraordinary circumstances justify postponement of the hearing.

Reversed and remanded for reconsideration.