Argued and submitted June 6, affirmed September 10, 2014

In the Matter of the Compensation of
Naomi R. Hopper, Claimant.

Naomi R. HOPPER,
*Petitioner,*

*v.*

SAIF CORPORATION
and Jesme, Inc. - MD Sanders,
*Respondents.*

Workers' Compensation Board
1200309; A152765

336 P3d 530

Julene M. Quinn argued the cause for petitioner. With her on the briefs was Kryger Alexander Carlson PC.

Holly C. O'Dell argued the cause and filed the brief for respondents.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

LAGESEN, J.

**LAGESEN, J.**

SAIF Corporation (SAIF) denied claimant's claim for workers' compensation benefits for failure to cooperate with its investigation of her claim after claimant did not comply with SAIF's multiple requests that she complete an interview with its investigator. The Workers' Compensation Board (the board) upheld that denial under ORS 656.262(15), determining that claimant failed to prove that her failure to cooperate was "for reasons beyond [her] control." ORS 656.262(15). On review of the board's order under ORS 656.298, we affirm, concluding that the board's decision rests on a correct interpretation of ORS 656.262 and is supported by substantial evidence.

## I. BACKGROUND

Claimant injured her lower back at work in September 2011 and filed a claim for workers' compensation for the injury. Shortly after claimant filed the claim, SAIF sent claimant a letter explaining the claims process and informing claimant of her obligation under ORS 656.262(14) to cooperate with that process. Around the same time, SAIF contacted claimant by phone to alert her that she would need to make a statement about her claim to a SAIF investigator. Claimant did not take any affirmative steps to contact SAIF's investigator.

A few weeks later, on October 17, SAIF sent a letter to claimant stating that she had an appointment for an interview on October 21. Claimant did not attend the interview or otherwise contact SAIF. On November 2, SAIF sent a letter to the Workers' Compensation Division (WCD) of the Department of Consumer and Business Services and requested that claimant's benefits be suspended based on her failure to participate in an interview. That letter was copied to claimant. Two days later, on November 4, WCD sent claimant a letter by certified mail stating that her benefits would be suspended within five working days unless she cooperated with SAIF or demonstrated to WCD that her failure to cooperate with SAIF was reasonable. A member of claimant's household signed for the letter upon delivery, but claimant did not follow up with either WCD or SAIF.

Four days later, on November 8, SAIF sent claimant a letter stating that she had 30 days from the date of WCD's November 4 letter to cooperate with its interview request, or claimant's claim would be denied. On November 16, claimant's benefits were suspended in accordance with WCD's letter, effective November 14.

On November 21, claimant left a phone message with a SAIF claims adjuster. The adjuster returned claimant's call and told claimant that her claim had been suspended and would remain suspended and, ultimately, be denied, if claimant did not contact one of SAIF's investigators. The adjuster gave claimant the number for the investigator on her claim. Claimant did not follow up with the investigator or otherwise, and, on December 5, SAIF denied claimant's claim for failure to cooperate with the claims process.

More than a month later, claimant requested, and was granted, an expedited hearing under ORS 656.262(15) and ORS 656.291 on SAIF's denial. Claimant's theory as to why the denial should be set aside was that claimant "did completely and fully cooperate with the investigation and that if she didn't, it was for reasons beyond her control." In support of that theory, claimant testified that her brother died unexpectedly on October 9, and that two days later, her mother discovered her brother's body at his apartment while claimant waited outside the apartment. Claimant further testified that she was depressed as a result of her brother's death and that she had not opened the letter notifying her of the October 21 interview until after the date had passed. Claimant acknowledged that she had received the other communications from SAIF regarding the need for an interview, but had not followed up. Claimant also reported that she had been in a motor vehicle accident on November 3 in which she sprained her spine. Claimant did not miss any work because of the accident; claimant reported that she had missed one day of work in connection with her brother's death. Claimant also testified that, after she had her motor vehicle accident, she had contacted her insurance company, and the company had been paying her medical bills incurred as a result of the accident. Claimant's mother also testified that claimant's brother's death had been "really hard" for

claimant "because it was the first death in her immediate family."

Following the hearing, the administrative law judge (ALJ) issued an order setting aside SAIF's noncooperation denial. The ALJ found that claimant had not proved that she cooperated with SAIF's request for an interview or that SAIF's request for an interview was unreasonable. However, the ALJ found that claimant's brother's death and claimant's motor vehicle accident, which the ALJ found were both beyond claimant's control, were the reasons for claimant's failure to comply with SAIF's interview request.

SAIF requested review before the board. On *de novo* review,[1] the board determined that claimant's brother's death and claimant's motor vehicle accident were circumstances beyond her control that could, in theory, excuse her noncooperation if they were, in fact, the reasons for her noncooperation. The board found, however, that it was "not persuaded" that those circumstances were the reasons for claimant's noncooperation. Instead, the board found that claimant's "lack of diligence" was the reason that she failed to comply with SAIF's interview request. Based on that finding, the board reversed the ALJ's order and reinstated SAIF's denial of claimant's claim. One board member dissented, stating that she would have found that claimant was overwhelmed by her brother's death and her motor vehicle accident, and that those events were the reasons that claimant did not cooperate with SAIF's interview request. Claimant timely petitioned this court for judicial review.

## II. STANDARDS OF REVIEW

ORS 183.482(7) and (8) supply the standards of review applicable for our review of board orders. ORS 656.298(7). On review, claimant assigns error to the board's determination that she did not demonstrate that her failure to cooperate was "for reasons beyond [her] control" within the meaning of ORS 656.262(15). To the extent that assignment of error implicates

---

[1] *See* OAR 438-011-0015(1) ("Review by the board is de novo upon the entire record."); *Grinstead v. Lacamas Laboratories, Inc.*, 212 Or App 408, 413, 157 P3d 1209 (2007) ("With few exceptions, [the] board reviews orders of the ALJ *de novo*." (Citing ORS 656.295(5), (6).)).

the board's interpretation of ORS 656.262(15), we review to determine whether the board "erroneously interpreted" that provision. ORS 183.482(8)(a). To the extent that assignment of error contests the board's factual finding that the reason for claimant's noncooperation was her lack of diligence—not her brother's death and the motor vehicle accident—we review for substantial evidence. ORS 183.482(8)(c). "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." *Id.* We are not permitted to substitute our judgment for that of the board with respect to any issue of fact. ORS 183.482(7). The issue before us is not whether we—or another reasonable factfinder—reasonably could have found the facts differently; the issue is whether the board found the facts reasonably.

## III. ANALYSIS

ORS 656.262(15) governs the denial of a workers' compensation claim based on a claimant's failure to cooperate with the investigation of the claim. It provides that, when an insurer or self-insured employer denies a claim for failure to cooperate, a claimant may request a hearing for the purpose of demonstrating that the denial should be set aside. ORS 656.262(15). To prevail, the claimant must prove one of three things: (1) that claimant, in fact, "fully and completely cooperated with the investigation"; (2) that claimant "failed to cooperate for reasons beyond the [claimant's] control"; or (3) that SAIF's "investigative demands were unreasonable." *Id.*

On review, claimant contends that the board erred in sustaining SAIF's denial because, in her view, she proved (1) that she fully and completely cooperated with SAIF's investigation; (2) that SAIF's investigative demands were unreasonable; and (3) that any failure to cooperate was due to reasons beyond her control. However, claimant did not challenge the ALJ's finding that claimant had failed to cooperate with SAIF's investigative demands before the board. In addition, claimant did not contest the reasonableness of SAIF's investigative demands before either the ALJ or the board. As a result, claimant did not exhaust those arguments before the board, and they accordingly provide

no grounds for us to review (or reverse) the board's order because the board did not have the opportunity to rule on them. As we have explained,

> "[t]he workers' compensation scheme reflects the well-established principle that a party must exhaust his or her administrative remedies before seeking further review. * * * [A] party does not exhaust his or her administrative remedies 'simply by stepping through the motions of the administrative process without affording the agency an opportunity to rule on the substance of the dispute.'"

*Everett v. SAIF,* 179 Or App 112, 118-19, 38 P3d 952, *rev den,* 334 Or 76 (2002) (quoting *Mullenaux v. Dept. of Revenue,* 293 Or 536, 541, 651 P2d 724 (1982)).

That leaves claimant's contention that the board erred when it determined that claimant had not proved that her failure to cooperate was "for reasons beyond [her] control." ORS 656.262(15). To the extent that claimant argues that the board's order rests on a misinterpretation of the statute, we disagree. The board's order reflects that it interpreted the statute to require claimant to show that reasons beyond claimant's control were the cause of claimant's failure to cooperate with SAIF's investigation. That interpretation is consistent with the plain text of the statute. ORS 656.262(15) states that a worker must show that any failure to cooperate was *"for* reasons beyond the worker's control." (Emphasis added.) The ordinary meaning of the word "for" in this context is "because of" or "on account of." *Webster's Third New Int'l Dictionary* 886 (unabridged ed 2002). The statute thus, by its terms, requires a worker to prove that any failure to cooperate was *because of*—in other words, causally connected to—reasons beyond the worker's control. That is how the board interpreted it, as evidenced by the board's factual inquiry into whether claimant's brother's death and the motor vehicle accident (circumstances beyond claimant's reasonable control) were the cause of claimant's failure to cooperate, or if, instead, claimant's lack of diligence was the cause of her failure to cooperate.

To the extent that claimant challenges the board's factual finding that claimant's failure to cooperate was because of her lack of diligence, and not because of her

brother's death and the motor vehicle accident, our standard of review is dispositive. That is so because the whole record in this case does not *compel* a particular finding regarding the reason for claimant's failure to cooperate with SAIF's request for an interview. True, a reasonable factfinder could infer on this record, as the ALJ and dissenting board member did, that claimant's failure to cooperate stemmed from the traumatic events that she confronted and, thus, was for reasons beyond her control. However, the record also permits the contrary inference reached by the board: that claimant's lack of diligence, rather than those events beyond her control, caused her failure to cooperate.

In particular, as the board observed, claimant testified only that she was depressed around the time that SAIF's October 17 letter arrived and did not open that letter promptly. But claimant provided no explanation for why she did not contact SAIF after she did open the letter and for why she otherwise failed to follow up on SAIF's request for an interview over the ensuing month and a half. With respect to SAIF's subsequent communications regarding the interview, claimant's only explanation was that she "just never followed up on it." Claimant also testified that she had missed only one day of work as a result of her brother's death and that she had not missed work at all as a result of her motor vehicle accident. She further testified that she was able to initiate the claims process with her insurance company in connection with the motor vehicle accident, and that, as a result, her insurance company was paying her medical bills. Based on that testimony, a reasonable factfinder could infer that claimant's brother's death and her motor vehicle accident did not interfere with her ability to cooperate with SAIF's interview request, and that, instead, claimant's failure to cooperate with SAIF resulted from her own lack of diligence. As a result, the board's finding that claimant's failure to cooperate was "for" lack of diligence, rather than "for reasons beyond [her] control," is supported by substantial evidence. We cannot substitute our judgment for that of the board as to that supported factual determination, ORS 183.482(7), and, therefore, affirm.

Affirmed.